**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| William R. Green, et al., | ) | CASE NO.: 5:13CV368 |
| | ) | |
| Plaintiffs, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Chesapeake Exploration, L.L.C., et al., | ) | |
| | ) | (Resolves Doc. 22) |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter appears before the Court on Plaintiffs' motion to remand (Doc. 22). The Court has been advised, having reviewed the motions, responses, replies, pleadings, and applicable law. For the reasons stated herein, the motion to remand is GRANTED. The matter is hereby REMANDED to the Stark County Court of Common Pleas.

**I. Facts**

On April 18, 2012, Plaintiffs filed suit against numerous defendants in the Stark County Court of Common Pleas. Plaintiffs are both Ohio residents, and they named Ohio residents Randy Osburn, a notary, and Rick Campbell, the Stark County Recorder, as defendants. Osburn was named claiming that he improperly notarized an oil and gas lease. Campbell was named in a mandamus count, requesting that he be ordered to remove that oil and gas lease from the county records.

On February 20, 2013, Defendants CHK Utica, LLC and Chesapeake Exploration, LLC removed the matter to this Court.  In support, Chesapeake claimed that during a conference in state court, Plaintiffs abandoned their claims against Campbell.  Moreover, Chesapeake claims that any remaining counts against Osburn are invalid and that he therefore was fraudulently joined.  The Court now reviews the parties' argument surrounding remand.

## II. Legal Analysis

The Sixth Circuit

> has recognized that fraudulent joinder of non-diverse defendants will not defeat removal on diversity grounds.  To prove fraudulent joinder, the removing party must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law.  However, if there is a colorable basis for predicting that a plaintiff may recover against non-diverse defendants, this Court must remand the action to state court.  The district court must resolve all disputed questions of fact and ambiguities in the controlling … state law in favor of the non removing party.  All doubts as to the propriety of removal are resolved in favor of remand.

*Coyne v. American Tobacco Co.*, 183 F.3d 488, 492-93 (6th Cir. 1999) (citations and quotations omitted).  "*Coyne* requires remand where a plaintiff has stated a 'colorable' basis for liability, and all disputed questions of fact and any ambiguities in the governing state law are resolved in favor of the party seeking remand." *Kent State Univ. Bd. of Trustees v. Lexington Ins. Co.*, 2013 WL 216026, at *6 (6th Cir. Jan. 22, 2013).  While discussing the award of fees following a remand, *Kent State* is instructive on the Court's analysis as follows:

> There are cases where it is obvious, according to settled state-law precedent, that a particular defendant is not liable, and no fees are appropriate in that case because the remand action itself should be denied. On the other hand, there are cases where according to state-law precedent it is obvious that the defendant may be liable, and in that case a fraudulent joinder claim would be frivolous. In between there is a spectrum of cases. See 14C Charles Alan Wright & Arthur R. Miller, et al., *Federal Practice and Procedure* § 3739 (4th ed.2009) (noting that, interpreting *Martin*, many district courts consider "where the removal seemed to fall on a spectrum running from reasonable to frivolous."). And, *Martin* cautions,

> removal in some—but not all—of these in-between cases must be considered objectively reasonable.
>
> It is undoubtedly reasonable to remove a case where a plaintiff can provide no precedent at all supporting a theory of liability. It is also reasonable to remove a case where a plaintiff provides such weak authority that it is a "close question" as to whether the plaintiff's failure to state a claim is "obvious according to the settled rules" of the forum state. Gardner v. UICI, 508 F.3d 559, 562 (9th Cir. 2007). In a case like Gardner, state-law precedent may be so lopsided that, though not "controlling," the weight of authority renders a removal action objectively reasonable and fees inappropriate even though the case is ultimately remanded.
>
> At some location on the spectrum, however, the relevant case law available to a plaintiff rises to the level at which the state-law question is no longer lopsided. At some point, a plaintiff's claim becomes so plainly "colorable" that, once viewed through the lens of the demanding fraudulent joinder standard, remand is no longer a close question.

*Id.* at *6.

In the instant matter, it clear that Plaintiffs' claims against Osburn fall within the spectrum of cases wherein there exists state law precedent to support the claim, but a defendant could properly label such precedent as "weak."  In that regard, the precedent highlighted by Plaintiffs comes from two Ohio common pleas court and is non-binding on the Ohio court where this matter was being held.  However, it is still Ohio law precedent.  As such, Plaintiffs have stated a colorable claim against Osburn and this matter must be remanded.

Additionally, the Court would note that comity also dictates remand in this matter.  Osburn filed a motion to dismiss the claims against him on June 18, 2012.  On August 6, 2012, the trial court denied Osburn's motion to dismiss, finding that the claims against him were viable under state law.  Allowing removal under those circumstances effectively would allow Osburn to forum shop and take a second bite at having a court review the same arguments.  The Court declines to do so.  Instead, the trial court's denial of the motion to dismiss only serves to support Plaintiffs' argument that they have a "colorable" basis for suit against an Ohio resident.

### III. Conclusion

Plaintiff's motion to remand is GRANTED. This matter is hereby REMANDED to the Stark County Court of Common Pleas.

IT IS SO ORDERED.

Dated: April 19, 2013      /s/ Judge John R. Adams
JUDGE JOHN R. ADAMS
UNITED STATES DISTRICT COURT

4